Lee *vs.* Rutledge.

(Decided 26th March, 1879.)

SAMUEL C. LEE, trading as L. H. LEE & BRO. *vs.* JACOB RUTLEDGE.

*Pleading in an Action of Trover—A defective Plea—Questions of Law arising upon the Pleadings and decided on Demurrer not the subjects of Bills of Exceptions—Admissibility of Evidence—Recoupment.*

The plaintiffs' declaration in an action of trover set out that they were possessed of an improved Champion reaping and mowing machine of the value of one hundred and ninety dollars which they lost, and the same came to the possession of the defendant who converted and disposed of the same to his own use to the damage of the plaintiffs, &c. The defendant pleaded first, *actio non,* because the machine in the declaration mentioned, came into the possession of the defendant under an agreement between them, that the plaintiffs would furnish the defendant a good and sufficient machine of four and a half foot cut, which the defendant should have the privilege of trying, and if not satisfactory to him, the plaintiffs would take it away; that the plaintiffs did not furnish such a machine, but furnished the machine in the declaration mentioned; that they violated their contract with the defendant,

whereby the defendant had sustained damages to the value of four-hundred dollars, which he claimed to set-off against the plaintiffs' demand. And for a second plea, the defendant said, that he was not guilty of the wrong alleged. The plaintiffs demurred to the first plea, and the demurrer being overruled, the plaintiffs excepted. HELD:

1st. That as the defendant's first plea did not deny the injury complained of, or confess and avoid it, under whatever system of pleading it may be regarded, it was radically defective.

2nd. That questions of law arising upon the pleadings and decided upon demurrer are *ipso facto* apparent on the face of the record, and are not properly the subjects of bills of exceptions.

3rd. That the defendant had the privilege of setting up under his second plea all the defences which he had specially pleaded in the first.

The defendant at the trial below offered to prove that he had sent his team and hands on three occasions to receive the machine mentioned in the plaintiffs' declaration; that said machine was not received till the third and last trip; and that the machine he received was a five foot cut machine, and that he had ordered one of four and a half foot cut. HELD:

That this evidence was inadmissible, as these facts taken alone did not *per se* establish a claim for recoupment, but that connected with other evidence, they might have been material, competent and proper in mitigation or diminution of damages.

Matter of defence by recoupment is raised under the general issue, by way of evidence, and is not usually the subject of plea.

Recoupment is a species of common law set-off for damages due the defendant growing out of the same transaction. It has been allowed in Maryland in actions both *ex contractu* and *ex delicto*, to avoid circuity of action.

APPEAL from the Circuit Court for Harford County.

The case is stated in the opinion of the Court.

The cause was submitted to BARTOL, C. J., BOWIE, BRENT, MILLER and ALVEY, J.

*S. A. Williams* and *William G. Scott*, for the appellants.

The demurrer to defendant's first plea should be sustained because it is a plea of *set-off*, so stated and so pleaded and depends entirely upon statute. *Annan vs. Houck,* 4 *Gill*, 333.

Under the Code, Art. 75, secs. 12 and 13, set-off can be pleaded in any suit brought on any judgment, bond or other writing, sealed by the party, and in any suit upon simple contract. In these cases, and these *only*, can set-off be pleaded in this State. The case at bar being an action *ex delicto*, is not within the authority given by this statute. *Stirling vs. Garritee,* 18 *Md.,* 468.

Nor is the set-off claimed in the plea for a liquidated matter. 2 *Saunders on Pl. and Ev., sec.* 790.

Nor is defendant's claim alleged as a subsisting demand. *Waterman on Set-off, &c.,* 602, *sec.* 537.

This plea (defendant's first) cannot be sustained as a plea of recoupment: There is no plea of recoupment, *per se.* The right to recoup does not depend upon, nor is it gained by, any plea of set-off or recoupment. It should not be admitted under the Code, Art. 75, sec. 3, because it is not necessary to form a legal defence. This right to recoup is *only* exercisable under the general issue upon a proper case being shown. *Glenn vs. Smith,* 2 *G. & J.,* 513.

Even if in an action of trover, a plea in mitigation of damages in the nature of recoupment, were admissible, it would be only where the defendant has a legal or equitable interest in or claim upon the specific property in question, and this plea discloses no such claim nor interest. *Sedgwick on Damages,* (*6th Ed.,*) 601, *n.* 2.

Every plea, as is well settled, must be either by way of traverse or by way of confession and avoidance. This plea neither traverses nor confesses and avoids.

The evidence stated in appellants' second bill of exceptions, is clearly not admissible in support of a plea of set-off. Nor is the evidence stated in this exception admissi-

ble in mitigation of damages. *Sedgwick on Meas. of Dam.*, (*2nd Ed.*,) 451, 473, 481, 482, 488, 494; *Addison on Torts*, 561; *Rundle vs. Little*, 6 *Q. B.*, 178.

It may be broadly stated, that the only cases where recoupment is allowed in trover, are those in which the proceeds of the property converted have been applied to the plaintiff's use, and where the defendant has a lien upon or equitable interest in the property converted. And no such evidence is admissible, unless it tends to establish such defences to this action. *See Md. Fire Ins. Co. vs. Dalrymple*, 25 *Md.*, 309, and cases there cited; *Glenn vs. Smith*, 2 *G. & J.*, 513.

*William Young* and *Henry W. Archer*, for the appellee.

The appellee contends, that the defendant's first plea is unobjectionable. That under the amended system of pleading, as adopted in our Code, the technicalities of pleading are dispensed with; form is no longer of any account, and substance only is to be considered. That any plea is to be deemed good that contains simply a statement of facts, which, if true, entitles the defendant to a verdict in his favor. He is not confined to one plea, although that might avail him, but may always plead the special matter, which may constitute a good defence. *Md. Code Art.* 75, *secs.* 3, 7, 10.

If this plea was merely in *mitigation* of damages, (as recoupment generally is,) it might be held insufficient because part of plaintiffs' claim would remain unanswered; but it sets up a counter-claim, growing out of the same transaction, to the full amount of plaintiffs' demand, and if true, is an extinguishment of it.

But the principal objection to the plea appears to be that the defendant had no right to recoup his damages against the damages claimed by the plaintiffs, because the plaintiffs' action is founded in tort. It is well settled, that if the suit had been *in assumpsit,* the defendant would

have been entitled to recoup his damages, sustained by plaintiffs' breach of their contract. *Abbott vs. Gatch,* 13 *Md.,* 332; *Rice vs. Forsythe,* 41 *Md.,* 390; *Withers vs. Green,* 9 *Howard,* 214; *Van Buren vs. Diggs,* 11 *Howard,* 461.

Plaintiffs sold and delivered the reaper to defendant under a contract which they did not comply with, and when they came to ask for its return, defendant refused to give it up, which was a technical conversion. Plaintiffs had their election, either to bring an action of *assumpsit* for the price or value of the article, or to sue for the value in an action in trover; and the same facts which would entitle them to recover in the one form of action, would entitle them to recover in the other. It is substantially the same suit in a different form. Can it be possible, that they can jockey their adversary out of a legitimate defence, upon the same state of facts, by simply changing their form of action?

Most of the cases in which the doctrine of recoupment has been applied, have been suits upon contracts, but there appears to be no good reason why it should not be allowed as well in trover, and other actions originating in tort; and it appears to be settled, that it is an available defence in these, as well as in suits upon contracts. *Johnson vs. Stear,* 3 *Am. Law R.,* 756; *Everett vs. Salter,* 20 *Wend.,* 267, 273; *Sedgwick on Damages,* (*2nd Ed.,*) 451; *Glenn vs. Smith,* 2 *Gill & Johnson,* 513; *Ins. Co. vs. Dalrymple,* 25 *Md.,* 309.

The plea in this case shows not only that defendant's counter-claim grew out of the subject-matter of the plaintiffs' suit, but that the controversy between the parties, and their mutual claims against each other, originated in a contract which each alleges that the other violated; and there could hardly be a plainer case for the allowance of recoupment. *Waterman on Recoupment,* 481, 489, *secs.* 464, 475; *Stone vs. Yarwood,* 14 *Ill.,* 224.

But even if the plea was bad, and the Court erred in overruling the demurrer, the evidence objected to was

admissible under the general issue; as was also all the evidence that was or could have been admitted under the special plea; and it is manifest that the plaintiffs sustained no injury by the judgment of the Court below, or by its ruling upon the demurrer. *Hanson vs. Campbell,* 20 *Md.,* 223.

Bowie, J., delivered the opinion of the Court.

The appellants, Lee & Brother, sued the appellee in the Circuit Court for Harford County, in an action of trover.

The declaration set out that the plaintiffs were possessed of an improved Champion reaping and mowing machine, of the value of $190, which they lost, and the same came to the possession of the defendant, who converted the same, etc. The defendant pleaded first, *actio non,* because the machine in plaintiffs' declaration mentioned, came into the possession of defendant, under an agreement between plaintiffs and defendant, that they would furnish defendant a good and sufficient machine of four and a half foot cut, which the defendant should have the privilege of trying, and if not satisfactory to him, the plaintiffs would take it away, that the plaintiffs did not furnish such a machine, but furnished the machine in the declaration mentioned; that they broke and violated their contract with defendant, whereby he has sustained damages to the amount of $400, which he claims to set off against plaintiffs' demand.

For a second plea, the defendant says, he is not guilty of the wrong alleged.

The appellants, plaintiffs below, demurred to the first plea, and joined issue upon the second.

The Court below overruled the appellants' demurrer, which constitutes the first ground of appeal.

At the trial, the defendant, to support the issue joined on his part, offered to prove he had sent his team and

hands on three several occasions to receive the machine mentioned in the plaintiffs' declaration, and it was not received until the third and last trip, and offered to prove the machine which he received was a five foot cut machine, and that he had ordered a four and a half foot cut. The plaintiffs objected to the admission of this evidence, but the Court overruled the objection, and allowed the same to go to the jury, to which ruling, the plaintiffs excepted.

The verdict and judgment being for the defendant, the plaintiffs appealed.

The defendant's first plea in this case, does not deny the injury complained of, or confess and avoid it.

Under whatever system of pleading it may be regarded, it is radically defective.

In the case of *Stirling vs. Garritee*, 18 *Md.*, 474, this Court, speaking of the object of the Legislature in passing the Act of 1856, ch. 112, (which is codified in Art. 75, Title "Pleadings, Practice and Process,") said the purpose was to simplify the rules and forms of pleading and practice in Courts of law; "and while the Act classifies and provides the forms of action for those on contract, and for actions for wrongs independent of contract, yet it must be apparent the distinctive nature of actions remains, although the old forms have been abolished and new ones adopted."

"It is impossible to disregard the substantial principles, which underlie our system of jurisprudence and to some extent govern the forms of action. These principles must still be recognized, however the new form may be changed or simplified. To disregard them would lead to endless confusion."

This case has been frequently recognized and cited since, as conveying the general principle of construction of the 75th Art. of the Code.

The appellants' *narr.* was in the common law form of a declaration in trover. The plea which is the subject of

demurrer, is without precedent. It concludes, by setting up a breach of contract, sounding in damages, which the defendant claims to set off against the appellants' demand.

It confounds all the rules of pleading, at common law or by statute, in attempting to interpose a plea of set-off, in an action *ex delicto*.

For these reasons the Court below was in error, we think, in overruling the demurrer.

The action of the Court upon the demurrer has been made the ground of the first bill of exceptions. This was an oversight, as it is hardly necessary to say that questions of law, arising upon the pleadings and decided upon demurrer, are *ipso facto* apparent upon the face of the record, and are not properly the subjects of bills of exceptions.

Matter of defence by recoupment, is raised under the general issue by way of evidence, and is not usually the subject of plea.

Recoupment is a species of common law set-off for damages due the defendant, growing out of the same transaction. It has been allowed in this State, in actions, both *ex contractu* and *ex delicto*, to avoid circuity of action. *Warfield vs. Booth,* 33 *Md.,* 63; *Glenn vs. Smith,* 2 *G. & J.,* 493; *Ins. Co. vs. Dalrymple,* 25 *Md.,* 309.

The appellee had the privilege of setting up under his second plea, all the defences which he specially pleaded in the first. The admissibility of the evidence excepted to, as set out in the second bill of exceptions, depends entirely upon the question whether the loss which the appellee sought to prove, was a part of the same transaction as that on which the action was brought, and its tendency to prove the loss, resulted from plaintiffs' default.

There does not appear to have been more than one dealing between the parties, which was of a very simple character. Assuming the facts set out in the record and bill of exceptions to be true, the appellee ordered a mowing

and reaping machine of a particular capacity and description, with the privilege of trying it, and if it was not satisfactory to him, the plaintiffs would take it away.

The appellants sent a machine of a different capacity. The appellee proved that he sent his teams and hands several times, and that the machine was not received until the third and last trip. These facts taken alone do not *per se* establish a claim for recoupment. It is not shown when or where the machine was to be delivered, whether the five foot cut machine was one of less or greater power than the four and a half, or whose fault it was that the machine was not received when first sent for.

These facts connected with other evidence, might have been material, competent and proper, in mitigation or diminution of damages, but they do not *per se* tend to support the issue joined, and were therefore, as presented, improperly admitted.

*Judgment reversed, and*
*new trial awarded.*

(Decided 27th March, 1879.)